**DWIGHT C. HOLTON**, OSB No. 09054
United States Attorney
District of Oregon
**NEIL J. EVANS**. OSB No. 965515
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Facsimile: (503) 727-1117
Email: neil.evans@usdoj.gov
    Attorneys for the United States of America

FILED 7 JUL '11 13:46USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PENDLETON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV-11-823-SU |
| Plaintiff, | |
| v. | COMPLAINT |
| HAMMOND RANCHES, INC., an Oregon Corporation, **DWIGHT HAMMOND**, **STEVEN HAMMOND** | |
| Defendant. | |

The United States of America, appearing by Dwight C. Holton, United States Attorney for the District of Oregon, through Assistant U.S. Attorney Neil Evans, brings this complaint for recovery of fire suppression costs and resource damages, judgment and injunctive relief, and pleads as follows:

**Page 1 -   COMPLAINT**
    *United States of America v. Hammond Ranches, Inc.*

## NATURE OF CASE

This case arises from numerous wildfires on private and public lands in Harney County, Oregon. Hammond Ranches operates a cattle ranch near the community of Diamond in Harney County, Oregon. Hammond Ranches owns private land and conducts livestock grazing operations under a grazing permit on lands administered by the United States Department of Interior, Bureau of Land Management.

Dwight and Steven Hammond set fires that caused extensive damage to public and private lands and resulted in expenditure of public funds for fire suppression and restoration. The fires endangered individuals, wildlife, structures, equipment and threatened the public health, interest and safety.

## JURISDICTION AND VENUE

1. The United States of America is the plaintiff. This court has jurisdiction pursuant to 28 U.S.C. § 1345 and 43 U.S.C. § 1733.

2. All events alleged in this complaint occurred in Harney County, Oregon. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3. The plaintiff in this action is the United States of America, a sovereign acting by and through the Department of Interior, United States Bureau of Land Management (BLM) The United States of America is the owner of certain lands located in Harney County which are managed by the BLM.

4.   Defendant Hammond Ranches, Inc. (Hammond Ranches) is the owner of certain lands located in Harney County, Oregon. At all relevant times Dwight Lincoln Hammond Jr., Steven Dwight Hammond, and Susan Anne Hammond, were officers and/or employees of Hammond Ranches who were acting with authority and ratification of Hammond Ranches and acting within the scope of their employment with Hammond Ranches. Hammond Ranches operates a cattle ranch and holds a grazing permit issued by the BLM that allows access to and use of certain public lands for livestock grazing.

5.   Defendants Dwight Hammond and Steven Hammond are individuals residing in the State of Oregon

## GENERAL ALLEGATIONS

6.   <u>Fir Creek Area Fires</u>. On or about August 22 and 23, 2005, Steven Hammond set fires to brush and other flammable material causing fires to burn on public and private land. As a result of the fires, approximately 1,342 acres of BLM managed land were burned.

7.   As a result of the Fir Creek Area fires, the United States incurred suppression costs, and resource damages to BLM land in the total amount of $188,020.

8.   <u>Krumbo Butte Fire.</u> On or about August 22, 2006, Steven Hammond set fire to brush and other flammable materials causing fire to burn on public and private land. As a result of the fire, approximately 804 acres of BLM managed land and 68 acres of private land were burned.

9.   As a result of the Krumbo Butte fire, the United States incurred suppression costs in the amount of $15,677, and resource damages to BLM land in the amount of $30,400.

10. <u>Lower Bridge Creek Fire</u>. On or about August 23, 2006, Dwight Hammond and Steven Hammond set fire to brush and other flammable materials causing a fire on public land. As a result of the fire, BLM managed land was burned, with the acreage being part of the total of the Granddad Fire set forth below.

11. As a result of the Lower Bridge Creek Fire, the United States incurred suppression costs and resource damages to BLM land, with the dollar amount being part of the total of the Granddad Fire set forth below.

12. <u>Granddad Fire.</u> On or about August 22 and 23, 2006, Dwight Hammond and Steven Hammond set fires to brush and other flammable material causing fires to burn on public and private land. As a result of the fire, approximately 46,523 acres of BLM managed land and 12,344 acres of private land were burned.

13. As a result of the Granddad fire, the United States incurred suppression costs in the amount of $479,809, and resource damages to BLM land in the amount of $586,496.

## COUNT 1

### (Negligence)

14. Plaintiff repeats and re-alleges paragraphs 1 through 13.

15. Hammond Ranches had a duty to use reasonable care with respect to its ranching operations, including use of public lands and activities by officers and employees of Hammond Ranches.

16. Hammond Ranches breached this duty by failing to take reasonable steps to ensure public lands were not damaged by the Fir Creek fire, by failing to properly supervise the

activities of officers and employees of Hammond Ranches and by failing to take reasonable precautions to prevent, control, and suppress the fire, and failure to follow restrictions set by federal, state and local authorities.

17.  Hammond Ranches' negligence was a substantial factor in and proximate cause of the damages sustained by the United States as a result of the Fir Creek fire. As a result, the United States incurred fire suppression costs and resource damages.

## COUNT 2

### (Negligence)

18.  Plaintiff repeats and re-alleges paragraphs 1 through 13.

19.  Hammond Ranches had a duty to use reasonable care with respect to its ranching operations, including use of public lands and activities by officers and employees of Hammond Ranches.

20.  Hammond Ranches breached this duty by failing to take reasonable steps to ensure public lands were not damaged by the Krumbo Butte fire, by failing to properly supervise the activities of officers and employees of Hammond Ranches and by failing to take reasonable precautions to prevent, control, and suppress the fire, and failure to follow restrictions set by federal, state and local authorities.

21.  Hammond Ranches' negligence was a substantial factor in and proximate cause of the damages sustained by the United States as a result of the Krumbo Butte fire. As a result, the United States incurred fire suppression costs and resource damages.

## COUNT 3

### (Negligence)

22. Plaintiff repeats and re-alleges paragraphs 1 through 13.

23. Hammond Ranches had a duty to use reasonable care with respect to its ranching operations, including use of public lands and activities by officers and employees of Hammond Ranches.

24. Hammond Ranches breached this duty by failing to take reasonable steps to ensure public lands were not damaged by the Lower Bridge Creek fire, by failing to properly supervise the activities of officers and employees of Hammond Ranches and by failing to take reasonable precautions to prevent, control, and suppress the fire, and failure to follow restrictions set by federal, state and local authorities.

25. Hammond Ranches' negligence was a substantial factor in and proximate cause of the damages sustained by the United States as a result of the Lower Bridge Creek fire. As a result, the United States incurred fire suppression costs and resource damages.

## COUNT 4

### (Negligence)

26. Plaintiff repeats and re-alleges paragraphs 1 through 13.

27. Hammond Ranches had a duty to use reasonable care with respect to its ranching operations, including use of public lands and activities by officers and employees of Hammond Ranches.

28. Hammond Ranches breached this duty by failing to take reasonable steps to ensure public lands were not damaged by the Granddad fire, by failing to properly supervise the

activities of officers and employees of Hammond Ranches and by failing to take reasonable precautions to prevent, control, and suppress the fire, and failure to follow restrictions set by federal, state and local authorities.

29.     Hammond Ranches' negligence was a substantial factor in and proximate cause of the damages sustained by the United States as a result of the Granddad fire. As a result, the United States incurred fire suppression costs and resource damages.

## COUNT 5

### (Trespass – 43 C.F.R. § 9230)

30.     Plaintiff repeats and realleges paragraphs 1 through 13.

31.     By causing the Fir Creek fire, Defendant Steven Hammond injured, without authorization, timber and other vegetative resources on public lands under the jurisdiction of the Department of the Interior. Under 43 C.F.R. § 9239.0-7, Defendant Steven Hammond committed acts of trespass.

32.     Pursuant to 43 C.F.R. §§ 9239.0-7 and 9239.1-3, Defendant Steven Hammond is liable to Plaintiff for costs and damages resulting from the trespasses.

33.     Plaintiff expended funds to suppress the fires. Pursuant to 43 C.F.R. § 9239.1-3, Defendant Steven Hammond is liable to the United States of America for all such suppression costs.

34.     The United States of America suffered resource damages when its property was trespassed by the fires. Pursuant to 43 C.F.R. § 9239.1-3, Defendant Steven Hammond is liable to the United States of America for up to three times the fair market value of the resources at the time of the trespass.

Page 7 -   COMPLAINT
            *United States of America v. Hammond Ranches, Inc.*

## COUNT 6

**(Trespass – 43 C.F.R. § 9230)**

35.     Plaintiff repeats and realleges paragraphs 1 through 13.

36.     By causing the Krumbo Butte fire, Defendant Steven Hammond injured, without authorization, timber and other vegetative resources on public lands under the jurisdiction of the Department of the Interior. Under 43 C.F.R. § 9239.0-7, Defendant Steven Hammond committed acts of trespass.

37.     Pursuant to 43 C.F.R. §§ 9239.0-7 and 9239.1-3, Defendant Steven Hammond is liable to Plaintiff for costs and damages resulting from the trespasses.

38.     Plaintiff expended $15,677 to suppress the fires. Pursuant to 43 C.F.R. § 9239.1-3(a)(1), Defendant Steven Hammond is liable to the United States of America for all such suppression costs.

39.     The United States of America suffered $30,400 in resource damages when its property was trespassed by the fires. Pursuant to 43 C.F.R. § 9239.1-3, Defendant Steven Hammond is liable to the United States of America for up to three times the fair market value of the resources at the time of the trespass.

## COUNT 7

**(Trespass – 43 C.F.R. § 9230)**

40.     Plaintiff repeats and realleges paragraphs 1 through 13.

41.     By causing the Lower Bridge Creek fire, Defendants Dwight and Steven Hammond injured, without authorization, timber and other vegetative resources on public lands

under the jurisdiction of the Department of the Interior. Under 43 C.F.R. § 9239.0-7, Defendants Dwight and Steven Hammond committed acts of trespass.

42. Pursuant to 43 C.F.R. §§ 9239.0-7 and 9239.1-3, Defendants Dwight and Steven Hammond are liable to Plaintiff for costs and damages resulting from the trespasses.

43. Plaintiff expended funds to suppress the fires. Pursuant to 43 C.F.R. § 9239.1-3, Defendants Dwight and Steven Hammond are liable to the United States of America for all such suppression costs.

44. The United States of America suffered resource damages when its property was trespassed by the fires. Pursuant to 43 C.F.R. § 9239.1-3, Defendants Dwight and Steven Hammond are liable to the United States of America for up to three times the fair market value of the resources at the time of the trespass.

## COUNT 8

### (Trespass – 43 C.F.R. § 9230)

45. Plaintiff repeats and realleges paragraphs 1 through 13.

46. By causing the Granddad fire, Defendants Dwight and Steven Hammond injured, without authorization, timber and other vegetative resources on public lands under the jurisdiction of the Department of the Interior. Under 43 C.F.R. § 9239.0-7, Defendants Dwight and Steven Hammond committed acts of trespass.

47. Pursuant to 43 C.F.R. §§ 9239.0-7 and 9239.1-3, Defendants Dwight and Steven Hammond are liable to Plaintiff for costs and damages resulting from the trespasses.

48. Plaintiff expended $479,809 to suppress the fire. Pursuant to 43 C.F.R. § 9239.1-3(a)(1), Defendants Dwight and Steven Hammond are liable to the United States of America for all such suppression costs.

49. The United States of America suffered $586,496 in resource damages when its property was trespassed by the fire. Pursuant to 43 C.F.R. § 9239.1-3, Defendants Dwight and Steven Hammond are liable to the United States of America for up to three times the fair market value of the resources at the time of the trespass.

### COUNT 9

### (Trespass – 43 C.F.R. § 9230)

50. Plaintiff repeats and realleges paragraphs 1 through 13.

51. Defendant Hammond Ranches negligently caused wildfires on public and private land, without authorization, causing extensive damage to timber and other vegetative resources on public lands under the jurisdiction of the Department of the Interior. Under 43 C.F.R. § 9239.0-7.

52. Pursuant to 43 C.F.R. §§ 9239.0-7 and 9239.1-3, Hammond Ranches is liable for costs and damages resulting from the trespasses.

53. The United States spent over $600,000 to suppress the fires described herein. Pursuant to 43 C.F.R. § 9239.1-3, Hammond Ranches is liable to the United States of America for all such suppression costs.

54. The United States of America suffered resource damages when its property was trespassed by the fire. Pursuant to 43 C.F.R. § 9239.1-3 Hammond Ranches is liable to the

Case 2:11-cv-00823-SU   Document 1   Filed 07/07/11   Page 11 of 13

United States of America for twice the fair market value of the resources at the time of the trespass.

## COUNT 10

### (Violation of Permit)

55. Plaintiff repeats and realleges paragraphs 1 through 13.

56. On or about January 15, 2004, Defendant Hammond Ranches was issued a 10-year grazing permit for BLM lands adjacent to Defendant's privately-owned property.

57. Defendant Hammond Ranches and its officers and employees conducted the prohibited acts of cutting, burning, or destroying vegetation or otherwise damaging U.S. property without authorization.

58. As grazing permit holders, Defendant Hammond Ranches and its officers and employees engaged in prohibited acts and Defendant's grazing permit is subject to cancellation and BLM may withhold issuance of future grazing permits or leases pursuant to 43 C.F.R. § 4170.1-1(a).

59. As grazing permit holders, Defendant Hammond Ranches and its officers and employees violated the terms of the grazing permit in the following manner:

    a. failure to obtain prior approval for surface disturbing work;

    b. noncompliance with rules and regulations;

    c. noncompliance with the terms and conditions of the allotment management plan and fire plan.

Page 11 - COMPLAINT
*United States of America v. Hammond Ranches, Inc.*

60.    Hammond Ranches and it's officers and employees violated federal regulations, the terms of the grazing permit, state and local laws, endangered BLM personnel and private parties and damaged public and private lands.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, the Plaintiff, United States of America, prays for judgment against Hammond Ranches, Inc., Dwight Hammond and Steven Hammond as follows:

1. For the payment of fire suppression costs expended by Plaintiff in response to the Fir Creek Area, Krumbo Butte, Lower Bridge Creek, and Granddad Fires, plus interest and penalties as authorized by law;

2. For up to triple the resource damages resulting from the Fir Creek, Krumbo Butte, Lower Bridge Creek, and Granddad fires;

3. For the recovery of Plaintiff's investigative, accounting, collection and administrative costs arising from the Fir Creek, Krumbo Butte, Lower Bridge Creek, and Granddad fires;

4. For a judgment finding defendants in violation of the grazing permit;

5. For a permanent injunction against defendants from the entry and use of any public lands;

6. For Plaintiff's costs and disbursements incurred herein; and

7. For such other relief as this Court may deem just and proper, together with interest, costs, and disbursements in this action.

DATED this 7th day of July, 2011.

Respectfully submitted,

DWIGHT C. HOLTON
United States Attorney
District of Oregon

/s/ Neil J. Evans

NEIL J. EVANS
Assistant United States Attorney
Attorney for United States of America