UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

UNITED STATES OF AMERICA,                              Case No. 2:11-cv-00823-SU

               Plaintiff,

     v.                                                 OPINION AND ORDER

HAMMOND RANCHES, INC., DWIGHT
HAMMOND, and STEVEN HAMMOND,

            Defendants.

_____

SULLIVAN, Magistrate Judge:

      Plaintiff United States of America filed a complaint against defendants Dwight Hammond,

Steven Hammond, and Hammond Ranches, Inc., for recovery of fire suppression costs and resource

damages resulting from numerous fires on private and public lands in Harney County, Oregon. In

a parallel criminal case, *United States v. Hammond et al,* No. 6:10-cr-60066-HO, Dwight Hammond

and Steven Hammond were tried and convicted of Use of Fire to Damage and Destroy Property of

the United States, in violation of 18 U.S.C. §§ 2 & 844(f)(1). The United States is currently

Page 1 - OPINION AND ORDER

appealing the criminal sentences of Dwight Hammond and Steven Hammond to the Ninth Circuit Court of Appeals.[1]

Defendants moved to stay the instant civil action (doc. #24) and for a protective order (doc. #38) pending resolution of the United States' appeal of the criminal matter. The court heard oral argument on October 4, 2012. Having considered the parties' arguments and the relevant legal authority, the court DENIED both defendants' Motion to Stay and Motion for Protective Order. The court issues this Opinion and Order to further explain the rationale for its decision.

## BACKGROUND

On June 17, 2010, a grand jury indicted Dwight Hammond and Steven Hammond of nineteen counts, including conspiracy to commit arson, for multiple wildfires in the Steens Mountain area. *See* Indictment, *United States v. Hammond et al*, No. 6:10-cr-60066-HO.[2] On June 21, 2012, following an eight-day trial, a jury found Dwight Hammond guilty of one count, and Steven Hammond guilty of two counts of, Use of Fire to Damage and Destroy Property of the United States, in violation of 18 U.S.C. §§ 2 & 844(f)(1). On October 30, 2012, a sentencing hearing was held before the Honorable Michael R. Hogan. Judge Hogan declined to apply the five-year mandatory minimum sentence for the offense, finding it grossly disproportionate to the severity of the offense, in violation of the Eight Amendment. (Sentencing Hr'g Tr. at 26:3–6, Oct. 30, 2012.) Instead, Dwight Hammond was sentenced to three months in prison and Steven Hammond was sentenced to twelve months and one day in prison for each offense. On November 6, 2012, the United States appealed the sentences to the Ninth Circuit Court of Appeals. The parties submitted appellate briefs in the matter and are awaiting oral argument.

---

[1]Dwight Hammond and Steven Hammond were convicted of the offense regarding one fire which occurred in 2001 and which is not part of the instant civil suit. Steven Hammond was convicted of the offense regarding the Krumbo Butte fire in 2006 which is a part of this lawsuit.

[2] The court takes judicial notice of public filings in the related criminal case, as they are directly related to defendants' motions. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal citations omitted) (a federal court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

On July 7, 2011, the United States filed the instant civil action against Dwight Hammond, Steven Hammond, and Hammond Ranches, Inc. (*See* Compl.)  The Complaint seeks recovery for fire suppression and rehabilitation costs, as well as resource damages. (*Id*. at 1.)  On October 11, 2011, the court granted the parties' Stipulated Motion for Stay, pending resolution of the criminal matter.  On January 14, 2013, the court terminated the stay and ordered the parties to proceed with discovery.  Defendants again move to stay the instant civil action and for a protective order pending resolution of the United States' appeal of the criminal matter. (Defs.' Mot. Stay Proceedings; Defs.' Mot. Protective Order.)  Defendants contend a stay and protective order are necessary because, as a result of the appeal in the criminal matter, they must choose between asserting their Fifth Amendment privilege against self-incrimination in response to the discovery requests, or providing possibly incriminating responses that could be used against them at resentencing, should the government's appeal be successful. (Defs.' Mem. Supp. Stay Proceedings 2; Defs.' Mem. Supp. Protective Order 2.)  On October 4, 2013, the court denied defendants' Motion to Stay and Motion for Protective Order.

## DISCUSSION

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Federal Sav. and Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989); *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)).  This is because simultaneous parallel civil and criminal proceedings are not objectionable, in the absence of substantial prejudice to the rights of the parties involved. *Id.*  Nonetheless, a court has discretion to stay civil proceedings "when the interests of justice seem to require such action." *Id.* (internal citations omitted).

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Keating*, 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902).  The court should first

consider "the extent to which the defendant's fifth amendment rights are implicated." *Id.* at 324–25. Next, the court should generally consider the following five factors: (1) the interest of plaintiff in proceeding expeditiously with the litigation or any particular aspect of it, and the potential prejudice to plaintiff of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.[3]  *Id.*

I.      Implication of Defendants' Fifth Amendment Rights

   A.      Dwight Hammond and Steven Hammond

The Fifth Amendment to the United States Constitution provides "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . .".  U.S. Const. amend. V.  "[I]n the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner." *Doe v. Glanzer*, 232 F.3d 1258, 1263 (9th Cir. 2000) (citing *United States v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995)).

Dwight Hammond's and Steven Hammond's Fifth Amendment rights are implicated by permitting this case to proceed while their criminal sentences are appealed by the United States. Both cases arise out of the same set of facts and it is possible statements made in this civil proceeding could be used against Dwight Hammond and Steven Hammond at a resentencing hearing.  However, Dwight Hammond's and Steven Hammond's Fifth Amendment rights can be protected by asserting the privilege during discovery on a question-by-question basis.  "[I]n a civil case, the Fifth Amendment's protections against self-incrimination are invoked on a question-by-question basis, and therefore the assertion of the privilege necessarily attaches only to the question

_____

[3] Defendants in their briefing cite to *Golden Quality Ice Cream Co. v. Deerfield Specialty*, 87 F.R.D. 53, 56 (E.D. Penn. 1980), which laid out the same five-factor test.  (Defs.' Mem. Supp. Stay Proceedings 6–7.)

being asked and the information sought by that particular question." *Glanzer*, 232 F.3d at 1265 (citing *United States v. Rendahl*, 746 F.2d 553, 555 (9th Cir. 1984)). In the event Dwight Hammond or Steven Hammond exercises his Fifth Amendment privilege during depositions or in answers to interrogatories, each defendant may be re-deposed or re-served with interrogatories after the criminal appeal has been resolved or the statute of limitations for the crimes has run. *See Slagowski v. Cent. Wash. Asphalt*, 2013 WL 3353339, *12 (D. Nev. July 2, 2013). The depositions and interrogatories will be limited to those questions where Dwight Hammond or Steven Hammond previously asserted his Fifth Amendment privilege. *See id.* Therefore, while Dwight Hammond's and Steven Hammond's Fifth Amendment rights are implicated in this case, they can assert that right on a question-by-question basis making a stay or protective order unwarranted.

      B.    <u>Hammond Ranches, Inc.</u>

      A corporation has no Fifth Amendment privilege against self-incrimination. *Braswell v. United States*, 487 U.S. 99, 105 (1988) (citing *Hale v. Henkel*, 201 U.S. 43, 74 (1906)). A corporate custodian may not resist a subpoena for corporate records on Fifth Amendment grounds as the custodian of corporate records holds those documents in a representative, rather than a personal capacity. *Id.* at 109–10.

      Defendants concede Hammond Ranches, Inc. does not enjoy a Fifth Amendment privilege. (Defs.' Mem. Supp. Stay Proceedings 12.) Nevertheless, defendants argue a stay should be extended to the corporation because the shareholders and officers of the corporation consist only of Dwight Hammond and Steven Hammond, along with Dwight Hammond's wife, Susan Hammond. (*Id.*) The implication of Dwight Hammond's and Steven Hammond's Fifth Amendment privileges are discussed above. Susan Hammond has been designated by the United States as the corporate representative to be deposed and to answer the interrogatories. (Pl.'s Resp. Stay Proceedings 8; Pl.'s Resp. Protective Order 2.) As corporate representative, Susan Hammond's Fifth Amendment rights will not be implicated. To the extent that those rights may be implicated, she may assert her Fifth Amendment right on a question-by-question basis as outlined above.

II.    *Keating* Factors

    A.    <u>Plaintiff's Interest in Proceeding Expeditiously and Potential Prejudice to Plaintiff of a Delay</u>

Defendants argue a stay of the proceedings would not prejudice the United States. (Defs.' Mem. Supp. Stay Proceedings 7.) Defendants specifically note the United States is seeking monetary damages and delaying a jury determination of damages will not negatively affect the government. (*Id*.) In contrast, the United States argues they have a substantial interest in the expeditious conclusion of this litigation. (Pl.'s Resp. Stay Proceedings 4–5.)

The fires alleged in the Complaint occurred in the summers of 2005 and 2006. (Compl. 3–4.) Further, the Complaint in this case was filed on July 7, 2011, and the court previously stayed this matter for more than a year, upon stipulation of the parties, because of the ongoing criminal matter. Given the amount of time that has already transpired, the court finds this factor weighs in favor of the United States.

    B.    <u>Burden on Defendants</u>

Defendants argue the burden imposed on them would be great given they would be forced to choose between asserting their Fifth Amendment rights in this civil proceeding or expose themselves to additional criminal charges and aggravating factors if they are resentenced. (Defs.' Mem. Supp. Stay Proceedings 8–9.) In contrast, the United States argues defendants still must attend depositions and answer interrogatories to which they have no Fifth Amendment privilege. (Pl.'s Resp. Stay Proceedings 5–9.)

As discussed above, Dwight Hammond or Steven Hammond can attend depositions and answer interrogatories and exercise their Fifth Amendment privileges on a question-by-question basis, with the possibility of being re-deposed or re-served with interrogatories after the criminal appeal is resolved. Further, Hammond Ranches, Inc., possesses no Fifth Amendment privilege. As such, the burden on defendants is addressed by the procedure outlined above and defendants' Fifth Amendment rights can be adequately protected.

Page 6 - OPINION AND ORDER

C.     Convenience of the Court and Efficient Use of Judicial Resources

Defendants argue the court would not be adversely affected regarding the management of its cases or the efficient use of judicial resources if this matter is stayed.  (Defs.' Mem. Supp. Stay Proceedings 9.)  In contrast, the United States argues a stay would disrupt the court's calendar by imposing a stay indefinitely.  (Pl.'s Resp. Stay Proceedings 9.)

As noted above, the Complaint in this case was filed on July 7, 2011, and the court previously granted the parties' Stipulated Motion for Stay during the ongoing criminal proceeding.  The parties submitted their appellate briefs to the Ninth Circuit Court of Appeals and have oral argument scheduled for December 3, 2013.  Imposing a stay until the Ninth Circuit issues a decision could result in staying this action for months, if not years.  Further, the parties have scheduled depositions and have asked that the court be available to resolve any discovery disputes.  As such, the court finds this factor weighs in favor of the United States.

D.     Interest of Third Parties to the Civil Litigation

Defendants argue the non-parties affected by this civil litigation include Dwight Hammond's wife, Susan, and Steven Hammond's wife, Earlyna, who would be irreparably harmed if their husbands lose the civil trial or are resentenced to longer prison terms.  (Defs.' Mem. Supp. Stay Proceedings 9–10.)  In contrast, the United States argues that purely hypothetical arguments about loss of property cannot be considered a reason to justify a stay in this action.  (Pl.'s Resp. Stay Proceedings 9–10.) However, no interested third parties have appeared in this action that would justify the imposition of a stay.  The court finds this factor is neutral.

E.     Public Interest in the Civil and Criminal Litigation

Defendants argue that because the government rehabilitation efforts of the property have been completed, the public will not be affected by the outcome of this case one way or another.  (Defs.' Mem. Supp. Stay Proceedings 10–11.)  While the United States agrees restoration efforts have been completed on the affected properties, it argues the public has an interest in seeing that justice is delivered in a timely manner and the judicial system acts swiftly.  (Pl.'s Resp. Stay

Proceedings 10.)  The interest of the public has been served by the criminal trial and conviction of Dwight Hammond and Steven Hammond.  However, the interests of the public will also be served with the expeditious conclusion of this case. The court finds this factor weighs in favor of the United States.

## CONCLUSION

Based upon the foregoing and for the reasons discussed on the record, defendants' Motion to Stay (#24) and Motion for Protective Order (#38) are DENIED.  Defendants shall proceed to depositions and answer interrogatories as scheduled.  Defendants may assert their Fifth Amendment rights on a question-by-question basis consistent with this opinion.

IT IS SO ORDERED.

Dated this 17th day of October, 2013.


/s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge