## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between the United States of America, acting through the United States Department of Justice and on behalf of the Department of Interior (collectively the "United States") and Dwight Hammond, Steven Hammond and Hammond Ranches Inc. (collectively "Hammonds") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A. The Hammonds own and operate a ranch in Harney County, Oregon.

B. The United States represents and enters into this Agreement on behalf of itself, the Department of the Interior, Bureau of Land Management.

C. The United States filed a civil action against the Hammonds relating to certain fires in 2005 and 2006 in Harney County, Oregon captioned *United States of America v. Dwight Hammond, Steven Hammond & Hammond Ranches Inc.* Civil Action No. 2:11-cv-00823-SU (the "Civil Action"). The Civil Action is defined as the allegations in counts one through nine of the United States' Complaint and exclude the allegations in count ten (concerning grazing permit) which were dismissed by unopposed motion of the plaintiff on July 10, 2013 (Doc. #23).

D. The United States contends that it has certain monetary civil claims against the Hammonds arising from fires in August of 2005 and 2006, including that Hammond Ranches Inc. failed to properly supervise Dwight and Steven Hammond and that Dwight and Steven Hammond trespassed on BLM land.

E. This Settlement Agreement is neither an admission of liability by Hammonds nor a concession by the United States that its claims are not well founded.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

1

## TERMS AND CONDITIONS

1.  (a) Hammonds shall pay to the United States $400,000 (Settlement Amount) as follows: The sum of $200,000 shall be paid within 60 days of August 24, 2014; and

    (b) The sum of $200,000 shall be paid on or before December 31, 2015. This sum may be paid in several installments on or before December 31, 2015.

    (c) All payments are to be made to THE OFFICE OF THE UNITED STATES ATTORNEY FOR THE DISTRICT OF OREGON by electronic funds transfer pursuant to written instructions to be provided by THE OFFICE OF THE UNITED STATES ATTORNEY FOR THE DISTRICT OF OREGON.

2.  The Hammonds agree to execute a consent judgment in the amount of $200,000, which shall not be entered before January 1, 2016, and which may be entered only if Hammonds fail to timely make the payment described in Section 1(b) above. Consistent with the above timeframe, United States will execute the covenant to not file, disclose, execute on, collect, or otherwise enforce prior to January 1, 2016. The covenant not to execute and the consent judgment are attached as Exhibits A & B.

3.  If before December 31, 2015, Hammonds offer to sell any of their privately owned land within the administrative boundary of the Hardie-Summer Allotment, in order to fund the payment described in 1(b), then Hammonds will provide thirty days' written notice to United States of the intent to sell the offered land, including the price and terms of sale. If the United States or its designee (e.g. The Conservation Fund, Trust for Public Land, or similar land trust) does not agree to purchase the offered land within the thirty-day period, then Hammonds may sell the offered land to anyone else at the same price and terms, without further notice to the United States. Such notice shall conclusively be deemed given to the United States on the day of receipt when mailed to Neil J. Evans, Esq., United States Attorney's Office, 1000 SW 3rd Ave., Suite 600, Portland, Oregon 97204 and District Manager, Burns District, Bureau of Land Management, 28910 Hwy 20 West, Hines, OR 97738

4.  The parties shall agree to the terms of a mutual press release.

5.  Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon Hammonds' payment of the first $200,000 of the Settlement Amount, the United States releases Hammonds and its assigns, shareholders, members, managers, officers, directors, partners, predecessors or successors in interest, related entities, parents, affiliates, subsidiaries, servants, employees, attorneys, trustees, representatives, insurers, re-insurers, and any other agents, pursuant to any statutory or common law authority, or by virtue of assignment, or whomsoever may be liable for their actions from any claim, the United States has arising out of, related to, or in any way caused by allegations made in the Civil Action

6.  Notwithstanding the release given in Paragraph 5 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

   a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

   b. Any criminal liability;

   c. Any administrative process, including administrative actions concerning Hammonds' grazing permit or authorization;

   d. Except as explicitly stated in this Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

   e. Any liability to the United States that is not released in Paragraph 5 and not related to the allegations in the Civil Action;

   f. Any liability based upon obligations created by this Agreement;

   In the government so reserving, Hammonds reserve all rights, remedies, and defenses, including those stated in the pending matters described in Paragraph 7, and Hammonds affirmatively deny any such claimed liabilities that are reserved by the Government.

7.  In further consideration for the release set out above, Parties agree they will not in any way use the fact of settlement or the terms of this Agreement as evidence in *United States v. Steven Dwight Hammond and Dwight Lincoln Hammond, Jr.,* United States District Court, District of Oregon Case No. 6:10-cr-60066-HO, *Hammond Ranches, Inc. v. Bureau of Land Management,* United States Department of the Interior, Office of Hearings and Appeals, Board of Land Appeals 2014-0194, Docket No. OR-020-14-01, or in any other legal proceeding, except a legal proceeding to enforce or interpret the terms of this Agreement. The parties may, without violating this Agreement, state that "The civil matter has been settled to the mutual satisfaction of the parties, with each of the parties disclaiming and denying liability."

8.  Except as listed in Paragraph 7, this Agreement and performance thereof, including payment of the amount specified in Paragraph 1, shall have no bearing on any criminal proceeding. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

9.  Subject to the terms of Paragraphs 6 and 7, the Parties intend this Agreement to be a full, final and complete settlement, adjustment, and compromise of any and all claims between the Parties based upon the allegations contained in the Civil Action, or which could have been brought by the parties in the Civil Action. It is expressly understood that

this Agreement is intended to cover and does cover not only all known losses and damages, personal injury or death, but also future losses and damages not now known or anticipated, but which may later develop or be discovered, that in any way relate to the facts and circumstances alleged in the Civil Action, or which could have been alleged by the parties in the Civil Action.

10.     This Agreement is intended to be for the benefit of the Parties and any other person or entity released in Paragraph 5.

11.     Upon receipt of the payment described in Paragraph 1, above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the United States' Claims Against Hammond pursuant to Rule 41(a)(1).

12.     Each Party shall bear its own legal fees and any costs incurred in connection with this matter, including the preparation and performance of this Agreement.

13.     Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion. Each Party is represented by counsel and has consulted with its counsel regarding the terms and legal meaning of this Agreement.

14.     This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the District of Oregon. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

15.     This Agreement constitutes the complete agreement between the Parties and all terms cited or referenced in this document are contractually binding, not mere recitals. This Agreement may not be amended except by written consent of the Parties. This Agreement supersedes any prior oral or written agreements or communications on the subject matter addressed herein.

16.     The undersigned represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

17.     This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

18.     This Agreement is binding on Hammonds' successors, transferees, heirs, and assigns.

19.     All parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

20. This Agreement is effective on the date of signature of the last signatory to the Agreement (Effective Date of this Agreement). Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

21. Nothing contained herein shall be construed so as to require the commission of any act contrary to law, and wherever there is any conflict between any provisions contained herein and any present or future statute, law, ordinance, or regulation contrary to which the parties have no legal right to contract, the latter shall prevail; but the provision of this Agreement which is affected shall be curtailed and limited only to the extent necessary to bring it within the requirements of the law. To the extent the offending provision cannot be curtailed or limited, it shall be fully severable, and the remainder of this Agreement shall remain in full force.

22. The Settling Parties represent and warrant that each has not previously assigned or released any substantive right (e.g., rights or claims) at issue under this Agreement.

Date: November 20, 2014

United States, by and through
Assistant United States Attorney Neil J. Evans

Date: 11/11/14

Dwight Hammond

Date: 11-11-14

Steven Hammond

Date: 11/11/14

Hammond Ranches, Inc.
By: Susan Hammond
Its Secretary

5

## COVENANT NOT TO EXECUTE

This covenant is made on November 20, 2014, by and the United States of America, ("Plaintiff") and Dwight Hammond, Steven Hammond, and Hammond Ranches, Inc. ("Defendants").

### RECITALS

1. There exists a Consent Judgment ("Judgment") that was signed by the Parties, in favor of Plaintiff, pursuant to a Settlement Agreement.

2. The Settlement Agreement provides for payments to be made by Defendants at certain times.

### AGREEMENT

NOW, THEREFORE, the Parties hereby covenant and agree as follows:

1. Plaintiff shall not file, disclose, execute on, collect, or otherwise enforce the Judgment unless a payment required under the Settlement Agreement is not timely made. Plaintiff shall not file the judgment without first giving Defendants not less than fifteen days' written notice of default. If Defendants completely cure such default during the fifteen-day period, then Plaintiff shall continue to hold the Judgment unfiled and the terms of this Covenant shall in all other respects be reinstated. Such notice shall conclusively be deemed given to Defendants on the day of mailing when mailed to Elizabeth Howard, Esq., Schwabe, Williamson & Wyatt, P.C., 1211 SW 5th, Suite 1900, Portland Oregon 97204. If Plaintiff files the Judgment, Plaintiff shall also file a partial satisfaction of judgment, acknowledging receipt of any payments made by Defendants pursuant to the Agreement.

2. All sums required to be paid by Defendants under the terms of the Settlement Agreement shall be credited to the judgment.

3. If by January 1, 2016, Defendants have timely made all payments required under the Settlement Agreement, the Judgment shall be deemed null and void, and the obligations that Defendants have made in the Judgment shall be deemed fully satisfied. In that event, Plaintiff shall return the Judgment to Defendants unfiled.

4. This Covenant may be executed in separate counterparts.

_____  
Neil J. Evans on behalf of Plaintiff

_____  
Brent H. Smith on behalf of Defendants

1 -- COVENANT NOT TO EXECUTE

**S. AMANDA MARSHALL, OSB # 95347**
United States Attorney
District of Oregon
**NEIL J. EVANS, OSB #96551**
neil.evans@usdoj.gov
Assistant United States Attorney
United States Attorney's Office
1000 SW Third Ave., Suite 600
Portland, Oregon 97204
Telephone:   503-727-1053
Facsimile:    503-727-1117
    Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 2:11-cv-00823-SU |
| **Plaintiff,** | |
| v. | **CONSENT JUDGMENT** |
| **HAMMOND RANCHES, INC., et al.,** | |
| **Defendants.** | |

The parties to the above action stipulate and consent to the entry of judgment in favor of the United States of America, Plaintiff, and against Hammond Ranches, Inc., Dwight Hammond and Steven Hammond, Defendants, in the sum of $200,000.00. Post judgment interest shall accrue at the legal rate

Page 1 - Consent Judgment; *United States v. Hammond*, Case No. 2:11-cv-00823-SU

pursuant to 28 U.S.C. § 1961(a) and shall be computed daily and compounded annually until the paid in full, but without costs to either party. Post judgment interest shall not begin to accrue until December 31, 2015.

Provided, however, that execution shall not issue upon this judgment as long as the amount is paid in full on or before December 31, 2015, through the United States Attorney, 1000 S.W. Third Avenue, Suite 600, Portland, Oregon 97204.

Date: November 20, 2014

United States, by and through
Assistant United States Attorney Neil J. Evans

Date: 11-11-14

Dwight Hammond

Date: 11-11-14

Steven Hammond

Date: 11/11/14

Hammond Ranches, Inc.
By: Susan Hammond
Its Secretary


IT IS SO ORDERED this ___ day of November, 2014.

_____
HONORABLE PATRICIA SULLIVAN
UNITED STATES MAGISTRATE

Page 2 - Consent Judgment; *United States v. Hammond*, Case No. 2:11-cv-00823-SU